IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-659-MOC-DCK

| | |
|---|---|
| SYLVESTER C. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| WAL-MART STORES EAST, L.P., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Protection And/Or Motion To Quash Pursuant To Rules 26 And 45 Of The Federal Rules Of Civil Procedure" (Document No. 34) and "Plaintiff's Motion For Leave To File A Sur-Reply Regarding Defendant's Motion For Protection And/Or Motion To Quash" (Document No. 40). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant "Defendant's Motion For Protection And/Or Motion To Quash..."and deny "Plaintiff's Motion For Leave To File A Sur-Reply...."

## I. BACKGROUND

Plaintiff Sylvester C. Johnson ("Plaintiff") commenced this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, on or about November 29, 2010. Defendant Wal-Mart Stores, East, L.P. ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court on December 22, 2010. Plaintiff filed an "Amended Complaint" (Document No. 7) on January 18, 2011.

On June 6, 2011, the Court allowed a partial dismissal of the "Amended Complaint" that

narrowed the issues and dismissed all Defendants except Wal-Mart Stores East, L.P. (Document No. 23). Plaintiff's remaining claims are a Title VII action for unlawful termination based on race and "a claim for wrongful discharge in violation of the public policy of North Carolina, as expressed in the NCEEPA." (Document No. 23, p.6). The Court issued a "Pretrial Order And Case Management Plan" (Document No. 27) on July 8, 2011, and a "Protective Order" (Document No. 33) on September 26, 2011.

On or about November 10, 2011, Plaintiff issued twelve (12) subpoenas to various suppliers of Defendant. See (Document Nos. 34-1 - 34-12). The subpoenas sought data regarding purchase orders by the Defendant, and required this information to be produced on November 21, 2011. Id.

The pending "Defendant's Motion For Protection And/Or Motion To Quash Pursuant To Rules 26 And 45 Of The Federal Rules Of Civil Procedure" (Document No. 34) was filed on November 18, 2011.[1] "Plaintiff's Response..." (Document No. 38) was filed December 5, 2011, and "Defendant's Reply Brief..." (Document No. 39) was filed December 15, 2011. Soon thereafter, Plaintiff filed his "...Motion For Leave To File A Sur-Reply..." (Document No. 40). Both pending motions are now fully briefed and ripe for review.

## II. STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter

---

[1] Also on November 18, 2011, the Court entered an "Order" (Document No. 37) staying discovery in this matter pending a ruling by the Court on "Defendant's Motion..." (Document No. 34).

2

involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In addition, Rule 26(b)(2)(C) requires the court to:

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress, or that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Specifically regarding subpoenas, the Rules allow a court to quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed.R.Civ.P. 45(c)(3)(B)(i). A court may also "order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed.R.Civ.P. 45 (c)(3)(B)(ii).

### III. DISCUSSION

**A. Motion To Quash**

Defendant seeks an Order from the Court requiring that: (1) Plaintiff withdraw twelve subpoenas issued under the authority of this Court on November 10, 2011, to current and former

3

suppliers of Wal-Mart; (2) Plaintiff return and not review or retain any of the information received from the subpoenaed third parties; and (3) Plaintiff cease and desist from further harassment of Wal-Mart vendors. (Document No. 34, p.1). Defendant contends that the information Plaintiff seeks from various Wal-Mart suppliers includes confidential records containing trade secret, financial, commercial, and other proprietary information related to certain products purchased by Wal-Mart. (Document No. 35, pp.1, 8). Defendant further contends that the information sought "has absolutely no relevance to this case." (Document No. 35, pp.2, 9).

Plaintiff contends that the information sought by the disputed subpoenas is relevant and essential to his claim. (Document No. 38, pp.1-2). Plaintiff further contends that the subpoenas are properly limited in both time and scope. Id.

Underlying Plaintiff's lawsuit is his claim that Defendant "has engaged in a concerted and covert effort to manipulate their inventory by hiding or failing to capture true losses." (Document No. 7, p.4; Document No. 38, p.3). Plaintiff asserts that he began raising concerns about Defendant's handling of inventory in June 2007. (Document No. 7, p.3; Document No. 38, p.2). Plaintiff also asserts that Defendant falsely accused him of ordering others to manipulate inventory. Id. Plaintiff's "Exit Interview" indicates that he was involuntarily terminated for "Gross Misconduct" on or about January 14, 2009. (Document No. 39-1, p.2). The "Exit Interview" includes the following notation: "Follow Global Ethics Investigation, Sylvester Johnson was found to have provided an unethical directive. Mr Johnson directed managers reporting to him to take unauthorized markdowns as well as markdowns on denied warehouse claims." Id. That document also contains a note, presumably made by Plaintiff, indicating that he disagreed with the finding that he gave directions outside the company guidelines. Id.

The crux of Plaintiff's Complaint is that he was terminated as a consequence of his

4

opposition to Defendant's allegedly unlawful practices and on the basis of his race. (Document No. 7, p.4; Document No. 38, p.3). More specifically, however, Plaintiff also argues that allegations of his misconduct proffered by Defendant as an explanation for his termination are actually nothing more than a pretext for the "real reason for his termination" – his race and his opposition to Defendant's alleged misconduct. Id.

Now opposing the instant motion to quash and/or for protective order, Plaintiff argues that "the production sought will serve to highlight that Mr. Johnson's firing was indeed based upon mere pretext." (Document No. 38, p.8). As noted by the presiding district judge, "upon showing a *prima facie* case of racial discrimination and defendant providing a legitimate, non-discriminatory reason for the termination, plaintiff would then be required to show that the *reasons given by defendant were mere pretext for discrimination*." (Document No. 23, p.10). Plaintiff asserts that the specific and limited information he seeks through the disputed subpoenas will enable him to show that it was Wal-Mart, not Plaintiff, engaging in inventory manipulation practices. (Document No. 38, p.9). He contends that he is "intimately familiar with the *exact* products Walmart uses to manipulate inventory" and that the information provided by Wal-Mart vendors will "undoubtedly prove" that his firing was based on race, and not the reason proffered by Defendant. Id.

In its "...Reply Brief..." Defendant asserts that boiled down, "all that remains is Plaintiff's admission that he is seeking the third party discovery for the purpose of showing that Walmart terminated him to cover up Walmart's own inventory wrongdoings, which, again, points to a claim that does not exist in this case." (Document No. 39, p.4). Defendant argues that Plaintiff's own acknowledgments completely negate his race-based discriminatory discharge claim. (Document No. 39, p.6). Defendant concludes that there is no legal authority to support the "discovery of information that has no conceivable bearing on the claims at issue in the case." (Document No. 39,

p.7).

The Court in its discretion will resolve the pending motion on simple grounds. The undersigned finds at a minimum that "the discovery sought by Plaintiff is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive." Fed.R.Civ.P. 26(b)(2)(C)(i). The undersigned finds that the better practice here would have been for Plaintiff to seek information directly from Defendant, rather that issuing subpoenas to twelve (12) different non-parties.

To the extent Plaintiff takes the position that such an effort may have been fruitless, the undersigned observes that the Court retains the authority to enforce appropriate discovery requests. However, the undersigned declines to express an opinion at this time as to whether any or all of the information sought by the disputed subpoenas is discoverable. The parties are respectfully encouraged to limit their discovery requests to information that is relevant to the remaining claims or defenses in this case.

### B. Motion To File Sur-Reply

In his "...Motion For Leave To File A Sur-Reply..." Plaintiff contends that "Defendant's Reply Brief..." raised two new issues that were not contained in Defendant's original brief. (Document No. 40). The undersigned respectfully disagrees; moreover, the Plaintiff's sur-reply is not helpful or necessary to the Court's decision on the motion to quash, and therefore, leave will be denied.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Protection And/Or Motion To Quash Pursuant To Rules 26 And 45 Of The Federal Rules Of Civil Procedure" (Document No. 34) is **GRANTED** as follows: Plaintiff shall withdraw its pending subpoenas

(Document Nos. 34-1 - 34-12), and Plaintiff shall not review or copy any information or documents he has received from the subpoenaed third parties, but shall immediately return any such information or documents it has received, or receives, as a result of these subpoenas.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion For Leave To File A Sur-Reply Regarding Defendant's Motion For Protection And/Or Motion To Quash" (Document No. 40) is **DENIED**.

Signed: February 2, 2012

David C. Keesler
United States Magistrate Judge