**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| SYLVESTER C. JOHNSON, | **Civil Action No. 3:10-CV-00659** |
| Plaintiff, | |
| vs. | **JOINT STIPULATION AND** |
| | **PROTECTIVE ORDER REGARDING** |
| WAL-MART STORES EAST, L.P., | **CLAWBACK AND PRESUMPTIVELY** |
| | **PRIVILEGED PROTOCOL** |
| Defendant. | |

The parties to this action, Defendant Wal-Mart Stores East, L.P. ("Walmart" or "Defendant") and Plaintiff Sylvester Johnson ("Johnson" or "Plaintiff"), by their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 as follows:

1.  The Clawback and Presumptively Privileged Protocol Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2.  The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

3.  If any document produced by another party ("Producing Party") is on its face subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is

privileged; (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by bates number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the Receiving Party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product protected documents.

4.     If, during the course of this litigation, a Producing Party determines it has inadvertently produced a document protected from discovery by a legally recognized claim of privilege or the application of an evidentiary protection such as the attorney work-product doctrine, the Producing Party may notify the Receiving Party of such inadvertent production in writing, or orally on the record in a deposition or court proceeding. If written notice is provided, the Producing Party's notice shall identify: (a) the document inadvertently produced by bates number range or hash value range; (b) the privilege or evidentiary protection claimed; and (c) the basis for the assertion of the privilege or evidentiary protection. It shall also demand the return, sequester, or destruction of the inadvertently produced documents. After receiving notification of the inadvertent production, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has, along with any notes, abstracts or compilations of the content thereof; must not use or disclose the information until the claim of privilege is resolved by the parties or the Court. To the extent that the Producing Party insists on the return or destruction of

electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the Receiving Party, the Producing Party shall bear the costs of the return or destruction of such electronic copies.

5. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved. If the Receiving Party disclosed the specified documents to third parties before being notified of their inadvertent production, it must take reasonable steps to retrieve them. The Producing Party shall preserve the specified documents until the claim is resolved.

6. The Receiving Party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege and the grounds for that objection.

7. The Receiving Party's return, sequestering or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the Producing Party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B).

8.  Further, the Producing Party need not make any showing whatsoever regarding steps taken to prevent the inadvertent production of privileged or protected documents before being entitled to their return if the documents are properly subject to a legally recognized claim of privilege or evidentiary protection absent the inadvertent production.

9.  In the event the Producing Party's claim of privilege or protection is disputed by the Receiving Party, either party may submit the specified documents to the Court under seal for a determination of the claim of privilege or evidentiary protection and will provide the Court with the grounds for the asserted privilege or protection. The Receiving Party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Court's determination of the claim.

10. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned to the Producing Party or destroyed, the specified documents shall be returned to the Producing Party or destroyed by the Receiving Party, unless otherwise ordered by the Court.

SO ORDERED.

Signed: June 13, 2012

David C. Keesler
United States Magistrate Judge

Consented to this the 13th day of June, 2012.


/s/ Michael D. Barnes

Trevor M. Fuller,  NC Bar No. 27044
Email: tmfuller@fullerandbarnes.com
Michael D. Barnes, NC Bar No. 26060
Email: barnes@fullerandbarnes.com
FULLER & BARNES, LLP
1909 J.N. Pease Place, Suite 202
Charlotte, North Carolina 28262
Telephone: (704) 548-0093
Facsimile: (704) 548-1166

*Attorneys for Plaintiff*

/s/ Julie K. Adams

Angela B. Cummings, NC Bar No. 26536
Email:  acummings@littler.com
Julie K. Adams, NC Bar No. 32773
Email: jkadams@littler.com
Molly M. Shah, NC Bar No. 40275
Email: mmshah@littler.com
Littler Mendelson, P.C.
100 North Tryon Street, Suite 4150
Charlotte, NC  28202
Telephone:  (704) 972-7000
Facsimile:   (704) 333-4005

*Attorneys for Defendant*