IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-659-MOC-DCK

| | |
|---|---|
| SYLVESTER C. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| WAL-MART STORES EAST, L.P., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Compel Discovery" (Document No. 46). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Sylvester C. Johnson ("Plaintiff") commenced this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, on or about November 29, 2010. Defendant Wal-Mart Stores, East, L.P. ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court on December 22, 2010. Plaintiff filed an "Amended Complaint" (Document No. 7) on January 18, 2011.

On June 6, 2011, the Court allowed a partial dismissal of the "Amended Complaint" that narrowed the issues and dismissed all Defendants except Wal-Mart Stores East, L.P. (Document No. 23). Plaintiff's remaining claims are a Title VII action for unlawful termination based on race and "a claim for wrongful discharge in violation of the public policy of North Carolina, as expressed in the NCEEPA." (Document No. 23, p.6). The Court issued a "Pretrial Order And Case Management Plan" (Document No. 27) on July 8, 2011.

On or about November 10, 2011, Plaintiff issued twelve (12) subpoenas to various suppliers of Defendant. See (Document Nos. 34-1 - 34-12). The subpoenas sought data regarding purchase orders by the Defendant, and required this information to be produced on November 21, 2011. Id. "Defendant's Motion For Protection And/Or Motion To Quash Pursuant To Rules 26 And 45 Of The Federal Rules Of Civil Procedure" (Document No. 34) was filed on November 18, 2011.[1] On February 2, 2012, "Defendant's Motion For Protection And/Or Motion To Quash..." was granted, and Plaintiff was ordered to withdraw the pending subpoenas. (Document No. 43).

The parties filed a "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 44) on March 2, 2012. That joint motion reported that "the parties have continued to fulfill their obligations and confer in good faith regarding various discovery-related issues. . . . Due to the eleven-week stay on discovery and the parties' continuing efforts to resolve issues concerning the scope of discovery, the parties need additional time to engage in discovery...." (Document No. 44). The parties joint motion was granted, with modification, on March 5, 2012. (Document No. 45). The Court revised the discovery deadline from April 2, 2012, to July 17, 2012. Id.

Defendant's pending "Motion To Compel Discovery" was filed on May 10, 2012. (Document No. 46). Plaintiff failed to file a timely response to the pending motion, or to request additional time, and the time to do so has lapsed. See Local Rule 7.1(E).

On June 13, 2012, the parties filed a "Joint Motion For Protective Order..." (Document No. 48), and on or about that date Plaintiff's counsel granted at least partial consent to Defendant's "Motion To Modify the Pretrial Order And Case Management Plan" (Document No. 49).

---

[1] Also on November 18, 2011, the Court entered an "Order" (Document No. 37) staying discovery in this matter pending a ruling by the Court on "Defendant's Motion..." (Document No. 34).

On June 14, 2012, the Court again allowed a motion to revise case deadlines, with modification, and then specifically ordered that

> Plaintiff shall **SHOW CAUSE** why he has failed to file a timely response to the pending "Motion To Compel Discovery" (Document No. 46), <u>and</u> why that motion should not be granted, on or before **June 18, 2012**. Failure to do so will likely result in sanctions which may include granting the requested relief or even dismissal of the lawsuit.

(Document No. 50). To date, Plaintiff has failed to file *any* response to the Court's Order.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d

3

1134, 1139 (4th Cir. 1986) (same).

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).

## DISCUSSION

By its pending motion, Defendant Walmart moves to compel Plaintiff to:

> (1) properly supplement his Rule 26(a)(1) Disclosures, (2) provide complete responses to interrogatory numbers 1- 3, 5-11, 13-15, 18, and 19, along with a verification page executed by Plaintiff, and (3) produce all documents that are responsive to Defendant's document requests 1-21, 24, 26, 27, 28, 33 and 34 that are in Plaintiff's possession, custody or control within five (5) days of the date of this Order, and produce (or reproduce, if applicable) the documents in a manner and form that complies with the Federal Rules of Civil Procedure and the Orders of this Court. Pursuant to Fed. Rule Civ. Proc. 37(a)(5)(A), Defendant also respectfully requests that it be awarded its costs and reasonable attorneys fees incurred in bringing this Motion.

(Document No. 46, pp.3-4).

Defendant has also filed a "Memorandum In Support Of Defendant's Motion To Compel Plaintiff's Discovery Responses And For Costs" (Document No. 47) which comprehensively discusses the discovery it contends it is entitled to receive from Plaintiff. Defendant's requests appear reasonable and supported by applicable authority. (Document No. 47). Moreover, as noted above, Plaintiff has declined to file any response to the pending motion, even when ordered to do so by this Court. (Document No. 50).

The undersigned observes that Plaintiff's purportedly deficient Rule 26(a) disclosures and unverified responses to interrogatories and requests for production were served on or about August

4

8, 2011 and October 6, 2011, respectively. (Document No. 46). According to Defendant, counsel for the parties have conferred numerous times, but have been unable to resolve their disagreements. Id. Defendant acknowledges that Plaintiff provided some supplementation to his discovery responses on or about April 6, 2012; however, Defendant contends that overall the responses are still deficient. Id.

The Court has allowed Plaintiff additional time to act, and warned that failure to do so would likely result in Defendant getting the relief it requested. (Document No. 50). Based on the foregoing, and with no contrary information from Plaintiff, the undersigned finds that the motion to compel should be granted.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Compel Discovery" (Document No. 46) is **GRANTED**. Plaintiff shall provide Defendant with the requested discovery responses on or before **June 29, 2012**.

**IT IS FURTHER ORDERED** that Defendant may file a motion for the reasonable expenses, including attorney's fees, incurred in filing its "Motion To Compel Discovery" on or before **July 2, 2012**. Any such motion should include a detailed accounting of Defendant's expenses and must indicate that the parties have conferred and attempted to resolve the issue of expenses without further Court intervention.

**IT IS FURTHER ORDERED** that any additional delays caused by Plaintiff or his counsel in this matter, or further failure to abide by the Federal Rules Of Civil Procedure, the Local Rules, or any Order of this Court, may lead to the dismissal of Plaintiff's lawsuit.

**SO ORDERED**.

Signed: June 19, 2012

David C. Keesler
United States Magistrate Judge