# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-659-MOC-DCK

| | |
|---|---|
| SYLVESTER C. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| WAL-MART STORES EAST, L.P., | ) **AND ORDER** |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Entry Of Order Awarding Attorney's Fees & Expenses" (Document No. 54); Defendant's "Motion To Dismiss Based On Plaintiff's Failure To Comply With The Court's Order Of June 19, 2012" (Document No. 55); and "Plaintiff's Request For A Hearing On Defendant's Motion To Dismiss" (Document No. 57).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review of the pending motions is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be denied. The undersigned will further order that the motion for fees and expense be granted, and that the motion for a hearing be denied.

## I. BACKGROUND

Plaintiff Sylvester C. Johnson ("Plaintiff") commenced this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, on or about November 29, 2010. Defendant Wal-Mart Stores, East, L.P. ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court on December 22, 2010. Plaintiff filed an "Amended

Complaint" (Document No. 7) on January 18, 2011.

On June 6, 2011, the Court allowed a partial dismissal of the "Amended Complaint" that narrowed the issues and dismissed all Defendants except Wal-Mart Stores East, L.P. (Document No. 23). Plaintiff's remaining claims are a Title VII action for unlawful termination based on race and "a claim for wrongful discharge in violation of the public policy of North Carolina, as expressed in the NCEEPA." (Document No. 23, p.6).

The parties filed a "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 44) on March 2, 2012. That joint motion reported that "the parties have continued to fulfill their obligations and confer in good faith regarding various discovery-related issues. . . . Due to the eleven-week stay on discovery and the parties' continuing efforts to resolve issues concerning the scope of discovery, the parties need additional time to engage in discovery...." (Document No. 44). The parties' joint motion was granted, with modification, on March 5, 2012. (Document No. 45). The Court revised the discovery deadline from April 2, 2012, to July 17, 2012. Id.

On May 10, 2012, Defendant filed its "Motion To Compel Discovery" (Document No. 46). Plaintiff failed to file a response to the motion to compel, or to request additional time, and the time to do so lapsed. See Local Rule 7.1(E).

On June 14, 2012, the Court again allowed a motion to revise case deadlines, with modification, and then specifically ordered that

> Plaintiff shall **SHOW CAUSE** why he has failed to file a timely response to the pending "Motion To Compel Discovery" (Document No. 46), and why that motion should not be granted, on or before **June 18, 2012**. Failure to do so will likely result in sanctions which may include granting the requested relief or even dismissal of the lawsuit.

(Document No. 50). Plaintiff failed to file *any* response to the Court's Order.

On June 19, 2012, the undersigned issued an "Order" (Document No. 53) granting Defendant's "Motion To Compel Discovery" (Document No. 46), and noting that the Court had "allowed Plaintiff additional time to act, and warned that failure to do so would likely result in Defendant getting the relief it requested." The undersigned further ordered that

> Defendant may file a motion for the reasonable expenses, including attorney's fees, incurred in filing its "Motion To Compel Discovery" on or before July 2, 2012. Any such motion should include a detailed accounting of Defendant's expenses and must indicate that the parties have conferred and attempted to resolve the issue of expenses without further Court intervention. . . .
>
> any additional delays caused by Plaintiff or his counsel in this matter, or further failure to abide by the Federal Rules Of Civil Procedure, the Local Rules, or any Order of this Court, *may* lead to the dismissal of Plaintiff's lawsuit.

(Document No. 53, p.5) (emphasis added).

On July 2, 2012, Defendant filed its "Motion For Entry Of Order Awarding Attorney's Fees & Expenses" (Document No. 54) including an itemized list of the fees incurred in preparing the motion to compel and the "Affidavit of Angela Cummings" in support of the motion. (Document Nos. 54, 54-1 and 54-3). The motion also attached an email exchange between counsel for the parties regarding the proposed award of fees, in which Plaintiff's counsel wrote: "[i]n order to avoid financial hardship, it would be appreciated if the costs were no more than $2,000.00." (Document No. 54-2). Plaintiff has failed to file any response to this pending motion, and the time to do so has lapsed. See Local Rule 7.1(E).

Also on July 2, 2012, Defendant filed its "...Motion To Dismiss Based On Plaintiff's Failure To Comply With The Court's Order Of June 19, 2012" (Document No. 55). Plaintiff did file a timely response to the pending motion to dismiss on July 19, 2012. (Document No. 56).

3

"Defendant's Reply In Further Support Of Motion To Dismiss Pursuant To FRCP 37" (Document No. 58) was filed on July 25, 2012. As such, the motion to dismiss is now ripe for a recommendation to the presiding district judge.

"Plaintiff's Request For A Hearing On Defendant's Motion To Dismiss" (Document No. 57) was filed on July 19, 2012. Under the circumstances, the undersigned finds that review of this motion without additional briefing is appropriate.

## II. STANDARD OF REVIEW

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).

Where a party or a party's officer fails to obey an order to permit discovery, the Court may issue sanctions including *inter alia* dismissal of the action and/or treating the failure to obey as contempt of court. Fed.R.Civ.P. 37(b)(2)(A). In addition, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

Likewise, if a party fails to properly disclose or supplement information, "the court, on motion and after giving an opportunity to be heard" may order sanctions including the payment of reasonable expenses and other appropriate sanctions included in Fed.R.Civ.P. 37(b)(2)(A). Fed.R.Civ.P. 37(c).

## III. DISCUSSION

**A. Motion For Attorney's Fees & Expenses**

On June 19, 2012, the Court granted Defendant's "Motion To Compel Discovery" (Document No. 46). (Document No. 53). Consistent with the Court's "Order" (Document No. 53) and Fed.R.Civ.P. 37, Defendant has filed a motion for an award of attorney's fees and expenses. (Document No. 54). The undersigned finds that Defendant has shown good cause for such an award, and that Defendant's requested fees and expenses of $3,751.00 appears reasonable. Defendant's attached email correspondence with Plaintiff's counsel indicates that Plaintiff does not contend that an award of fees and expenses is improper, or that the proposed amount is unreasonable. (Document No. 54-2). Rather, Plaintiff's counsel only expresses that "it would be appreciated if the costs were no more than $2,000.00." Id.

The undersigned further notes that Plaintiff has failed to file any response to the pending motion for fees and expenses. Plaintiff and/or his counsel's failure is consistent with previous conduct in this case; however, such failure is still somewhat surprising since Plaintiff's previous failures to respond to the motion to compel or the Court's order to show cause, resulted in the instant award of fees and expenses.

Based on the foregoing, the undersigned will grant the motion in full. The Court sees no reason Defendant or its counsel should be forced to incur the reasonable expenses related to the motion to compel just because Plaintiff's counsel would appreciate it. The undersigned also observes that a subsequent filing by Plaintiff's counsel acknowledges that it is counsel, and not Plaintiff, who bears responsibility for the recent failures to respond and/or participate in discovery. (Document No. 56, pp.2, 4-5; Document No. 56-1, p.2). As such, Plaintiff's counsel shall personally bear the burden of reimbursing Defendant for its reasonable attorney's fees and expenses in the amount of $3,751.00. This expense shall in no way be passed on to Plaintiff.

**B. Defendant's Motion To Dismiss**

5

Next, Defendant moves for dismissal of this lawsuit based on Plaintiff's failure to comply with the Court's "Order" (Document No. 53) on June 19, 2012 granting Defendant's "Motion To Compel Discovery" (Document No. 46). (Document No. 55). Defendant contends that Plaintiff has failed to "produce sworn information and documents" pursuant to the Court's previous Order. (Document No. 55, p.3).

In response, Plaintiff acknowledges "that there was fragmentary compliance with the Court's June 19th Order." (Document No. 56, p.3). However, Plaintiff goes on to argue that dismissal is too severe a sanction at this stage, and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." (Document No. 56, p.4) (quoting Berry v. South Carolina Dept. Of Social Services, 1997 WL 499950, at *6 (4th Cir. 1997)). Moreover, Plaintiff's counsel contends that he bears responsibility for the delays, at least in part based on counsel's failure to read this Court's previous Order(s). (Document No. 56, pp.2-4; Document No. 56-1, p.2).

Plaintiff contends that on "Monday July 2, 2012, Plaintiff supplemented the information provided on June 29, thereby completing his responses to all of the previously ordered discovery to the Defendant." (Document No. 56, p.2). In an attached affidavit, Plaintiff's counsel states that "[a]s for Defendant's document requests, there simply is nothing further to produce. Plaintiff has produced virtually every piece of information in his possession concerning his tenure with Wal-Mart." ). Document no. 56-1, p.4).

In its reply brief, Defendant reiterates its contention that Plaintiff has still failed to adequately comply with discovery requests served more than a year ago. (Document No. 58). Defendant also adds an argument that Plaintiff continues to thwart Walmart's ongoing "attempts to engage in discovery and prepare its defenses in this case by, for example, repeatedly and

6

unwarrantedly refusing . . . to accept service of duly issued subpoenas. (Document No. 58, p.2). Defendant concludes that Plaintiff's conduct requires immediate dismissal of this lawsuit.

Although there is little, if any, dispute that Plaintiff failed to fully comply with the Court's previous Order granting Defendant's motion to compel, the undersigned will decline at this stage to recommend that this lawsuit be dismissed. It is the Court's strong preference that this lawsuit be decided on the merits. However, the undersigned is persuaded that Plaintiff has yet to fully and appropriately respond to Defendant's discovery requests. Plaintiff's failures, which have been at least partly acknowledged by counsel, are a serious matter. As the Court has previously stated, dismissal is a sanction that is available and one that may be applied if Plaintiff continues to fail to adequately participate in this lawsuit.

Based on the foregoing, the undersigned will recommend that Defendant's motion to dismiss be denied, and will further instruct counsel for the parties to confer on or before **August 6, 2012**, in another attempt to resolve their discovery disputes. If Plaintiff fails to appropriately supplement its discovery by **August 13, 2012**, Defendant may file a renewed motion to compel. If an additional motion to compel is granted, Plaintiff and/or his counsel will likely face sanctions that would include, but not be limited to, attorney's fees and costs.

### C. Motion For Hearing

In light of the undersigned's recommendation that Defendant's motion for dismiss be denied, the motion for a hearing on that motion is now moot.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion For Entry Of Order Awarding Attorney's Fees & Expenses" (Document No. 54) is **GRANTED**. Plaintiff's counsel shall make payment to Defendant's counsel in the amount of $3,751.00 on or before **August 31, 2012.**

Plaintiff's counsel shall provide a copy of this "Memorandum And Recommendation And Order" to Plaintiff, either personally or by certified delivery, on or before **August 10, 2012.**

**IT IS RESPECTFULLY RECOMMENDED** that Defendant's "Motion To Dismiss Based On Plaintiff's Failure To Comply With The Court's Order Of June 19, 2012" (Document No. 55) be **DENIED**.

**IT IS FURTHER ORDERED**, that "Plaintiff's Request For A Hearing On Defendant's Motion To Dismiss" (Document No. 57) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer, as discussed herein, on or before **August 6, 2012**.

### V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Max O. Cogburn, Jr.

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: July 31, 2012

David C. Keesler
United States Magistrate Judge