# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-659-MOC-DCK

| | |
|---|---|
| SYLVESTER C. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| WAL-MART STORES EAST, L.P., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Defendant's Responses To Discovery" (Document No. 76) and "Defendant's Expedited Motion For Protective Order" (Document No. 81). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>deny</u> the motion to compel without prejudice, and <u>grant</u> the motion for protective order.

## BACKGROUND

Plaintiff Sylvester C. Johnson ("Plaintiff") commenced this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, on or about November 29, 2010. Defendant Wal-Mart Stores, East, L.P. ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court on December 22, 2010. Plaintiff filed an "Amended Complaint" (Document No. 7) on January 18, 2011.

On June 6, 2011, the Court allowed a partial dismissal of the "Amended Complaint" that narrowed the issues and dismissed all Defendants except Wal-Mart Stores East, L.P. (Document No. 23). Plaintiff's remaining claims are a Title VII action for unlawful termination based on race and "a claim for wrongful discharge in violation of the public policy of North Carolina, as

expressed in the NCEEPA." (Document No. 23, p.6).

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 27) on July 8, 2011. The parties filed a "Joint Motion To Amend The Pretrial Order And Case Management Plan" (Document No. 44) on March 2, 2012. The parties' joint motion was granted, with modification, on March 5, 2012. (Document No. 45). On June 14, 2012, the Court again allowed a motion to revise case deadlines, with modification. The "… Case Management Order" was again revised on August 20, 2012, and the undersigned ordered that: discovery be completed by November 13, 2012; a report of mediation filed by November 21, 2012; and motions filed by December 5, 2012. (Document No. 63). This matter is currently scheduled for trial on or about April 1, 2013.

The pending motions to compel and for protective order (Document Nos. 76 and 81) were filed October 26, 2012 and November 6, 2012, and were fully briefed as of December 4, 2012. A report that the parties' mediation had resulted in an impasse was filed November 19, 2012. (Document No. 84). After being allowed an additional extension of time, "Defendant's Motion For Summary Judgment" (Document No. 93) was filed December 20, 2012.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).

## DISCUSSION

**Motion To Compel**

"Plaintiff's Motion To Compel Defendant Responses To Discovery" (Document No. 76) seeks full and complete responses to "Plaintiff's First Set Of Interrogatories" and "Plaintiff's First Requests For Production Of Documents" (Document No. 76-1), served on or about July 8, 2011, and "Plaintiff's Second Set Of Interrogatories" and "Plaintiff's Second Request For Production Of Documents" (Document No. 76-2), served on or about April, 27, 2012. (Document No. 76, p.1). The pending motion contends that Defendant's responses "remain wholly incomplete and deficient in a multitude of ways." Id.

The undersigned notes that "Plaintiff's Motion To Compel…" states that all of Defendant's responses have been "wholly incomplete and deficient;" however, the "Memorandum In Support Of Plaintiff's Motion To Compel…" seems to only address Defendant's response to Document Request No. 1 in "Plaintiff's First Request For Production Of Documents" (Document No. 76-1), and certain other responses to "Plaintiff's Second Set Of Interrogatories" and "Plaintiff's Second Request For Production Of Documents" (Document No. 76-2). (Document No. 77). Moreover, Plaintiff's briefing on the instant motion provides that Defendant's supplementation of its responses has been ongoing, including: (1) "approximately 4,300 new documents in response to Plaintiff's deficiency letter . . . undoubtedly relevant to the case" and (2) "approximately 6,000 pages . . . dated November 13th." (Document No. 77, p.3; Document No. 86, p.9). "These documents were among the *exact* types of documents that the Plaintiff has repeatedly sought. . . . Only *after* Plaintiff repeatedly stated his objections on the record at depositions and *after* he filed his motion to compel, did the Defendant finally start producing more fully." (Document No. 86, p.9) (emphasis in original).

Based on the foregoing representations by Plaintiff, it is apparent that a significant amount of information has been produced by Defendant since Plaintiff's motion was filed. <u>Id.</u> Moreover, according to Plaintiff, such production included "the *exact* types of documents" Plaintiff has been seeking. <u>Id.</u> Plaintiff's briefs do not, however, address with adequate specificity whether this supplemental production by Defendant satisfied any or all of the production Plaintiff seeks in the pending motion to compel. Presumably, if Defendant has provided an additional 6,000 pages of the "*exact* types of documents" Plaintiff sought, some, or perhaps even all, of Plaintiff's motion to compel is moot.

Under the circumstances, the undersigned finds that the briefing on the instant motion to

4

compel is inadequate to reach a decision that appropriately reflects the current status of the case. As such, "Plaintiff's Motion To Compel…" will be denied without prejudice to re-file.

*If* Plaintiff files a renewed motion to compel, it shall include: (1) indication that the parties have conferred specifically regarding the new motion <u>and</u> attempted to resolve areas of disagreement regarding the issues and/or items in that motion; (2) a specific, item-by-item identification of those discovery requests for which Plaintiff alleges it lacks full responses, how each request is relevant to the remaining claims in this lawsuit, and how Defendant's response(s) to those requests, to date, are deficient; and (3) a concise discussion of the facts and authority that support the motion. If a new motion is filed, it will be briefed on an abbreviated schedule, neither the motion or response shall exceed a total of **twenty (20) pages**, and no reply should be filed without leave of the Court. Plaintiff's failure to abide by these terms may result in any renewed motion being summarily denied.

**Motion For Protective Order**

"Defendant's Expedited Motion For Protective Order" (Document No. 81) seeks to preclude Plaintiff from deposing Wal-Mart Stores, Inc.'s President and Chief Executive Officer, Michael Duke ("Duke"). The motion was filed on an expedited basis because the proposed deposition was to occur about a week later, on the second to last day of discovery, November 12, 2013. <u>Id.</u> Defendant argues that the Court should enter a protective order to "prevent the harassing, unnecessary, unduly burdensome, and duplicative deposition of the CEO of Defendant's parent company." (Document No. 82, p.6). A "Declaration Of Michael T. Duke" (Document No. 81-9) was filed along with the motion and provides in pertinent part:

> I have no unique or superior personal knowledge of the terms and conditions of the plaintiff's employment with Walmart, his treatment as a Walmart associate, or the reasons for his

5

> termination, nor did I participate in any decision to terminate plaintiff.
>
> My contact with the plaintiff during his employment with Walmart was limited. I had occasional communications with plaintiff prior to 2003 when we both worked in the Logistics Division at Walmart's Bentonville, Arkansas campus. Since 2003, communications with the plaintiff that I recall have been infrequent and general in nature and unrelated to any events that led to the termination of plaintiff.

(Document No. 81-9, p.3).

On November 8, 2012, the undersigned held a telephone conference with the parties' counsel regarding the motion for protective order. As a result, the Court determined that Duke would not be deposed on November 12, 2012, but that the parties would be allowed to fully brief the motion.

"Plaintiff's Opposition To Defendant's Motion…" (Document No. 87) notes that Plaintiff "is keenly aware of the Court's skepticism concerning this deposition." (Document No. 87, p.1). Plaintiff's brief then asserts that Duke's deposition is necessary to help answer the question of whether "Defendant (as represented in some form by Mike Duke) truly believe[s] that Mr. Johnson did what he was accused of doing?" (Document No. 87, p.4).

After careful consideration of the parties' briefs, the undersigned remains unconvinced that testimony regarding the relationship between Duke and Plaintiff is necessary, or even relevant, to the instant lawsuit. Plaintiff has failed to offer any evidence to contradict Duke's Declaration cited above, or that supports its argument that Duke has any knowledge related to whether or not Defendant believed "that Mr. Johnson did what he was accused of doing." As such, the undersigned agrees that the proposed deposition of Duke would be, at minimum, unduly burdensome.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Defendant's Responses To Discovery" (Document No. 76) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a revised motion to compel, if necessary, and consistent with the requirements set forth herein, on or before **January 25, 2013**. If Plaintiff files a motion to compel, Defendant shall file a response **within seven (7) days**.

**IT IS FURTHER ORDERED** that "Defendant's Expedited Motion For Protective Order" (Document No. 81) is **GRANTED**. Michael Duke will not be required to appear for a deposition in this matter.

**IT IS FURTHER ORDERED** that to the extent the parties' have requested fees and/or sanctions, such requests are **DENIED**.

**SO ORDERED**.

Signed: January 16, 2013

David C. Keesler
United States Magistrate Judge