# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv659

| | |
|---|---|
| SYLVESTER C. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's "Motion for Leave" to file his response to defendant's Motion for Summary Judgment one day out of time and "Motion to Deny Summary Judgment Under Rule 56(d)."

As to the request for additional time, plaintiff states that the response was due on Monday, January 21, 2013, a National holiday, which prevented him from filing the response on that day. The request is moot inasmuch as where a deadline lands on a day the court is not open, to wit, a federal holiday, a party has until the next day to file the pleading. See Rule 6(a)(1)(C). Thus, plaintiff's response was timely when filed on January 22, 2013.

The court has also conducted a preliminary review of plaintiff's "Motion to Deny Summary Judgment Under Rule 56(d)." The thrust of such Rule 56(d) motion is that defendant has failed to provide plaintiff with sufficient discovery responses, which has resulted in plaintiff being able to adequately oppose the summary judgment motion. Rule

-1-

56(d) is not, however, a substitute for a timely and well-reasoned Motion to Compel discovery. Indeed, Judge Keesler recently addressed plaintiff's Motion to Compel, holding as follows:

> The undersigned notes that "Plaintiff's Motion To Compel…" states that all of Defendant's responses have been "wholly incomplete and deficient;" however, the "Memorandum In Support Of Plaintiff's Motion To Compel…" seems to only address Defendant's response to Document Request No. 1 in "Plaintiff's First Request For Production Of Documents" (Document No. 76-1), and certain other responses to "Plaintiff's Second Set Of Interrogatories" and "Plaintiff's Second Request For Production Of Documents" (Document No. 76-2). (Document No. 77). Moreover, Plaintiff's briefing on the instant motion provides that Defendant's supplementation of its responses has been ongoing, including: (1) "approximately 4,300 new documents in response to Plaintiff's deficiency letter . . . undoubtedly relevant to the case" and (2) "approximately 6,000 pages . . . dated November 13th." (Document No. 77, p.3; Document No. 86, p.9). "These documents were among the exact types of documents that the Plaintiff has repeatedly sought. . . . Only after Plaintiff repeatedly stated his objections on the record at depositions and after he filed his motion to compel, did the Defendant finally start producing more fully." (Document No. 86, p.9) (emphasis in original).
>
> Based on the foregoing representations by Plaintiff, it is apparent that a significant amount of information has been produced by Defendant since Plaintiff's motion was filed. Id. Moreover, according to Plaintiff, such production included "the exact types of documents" Plaintiff has been seeking. Id. Plaintiff's briefs do not, however, address with adequate specificity whether this supplemental production by Defendant satisfied any or all of the production Plaintiff seeks in the pending motion to compel. Presumably, if Defendant has provided an additional 6,000 pages of the "exact types of documents" Plaintiff sought, some, or perhaps even all, of Plaintiff's motion to compel is moot.
>
> Under the circumstances, the undersigned finds that the briefing on the instant motion to compel is inadequate to reach a decision that appropriately reflects the current status of the case. As such, "Plaintiff's Motion To Compel…" will be denied without prejudice to re-file.
>
> If Plaintiff files a renewed motion to compel, it shall include: (1) indication that the parties have conferred specifically regarding the new motion and attempted to resolve areas of disagreement regarding the issues

> and/or items in that motion; (2) a specific, item-by-item identification of those discovery requests for which Plaintiff alleges it lacks full responses, how each request is relevant to the remaining claims in this lawsuit, and how Defendant's response(s) to those requests, to date, are deficient; and (3) a concise discussion of the facts and authority that support the motion. If a new motion is filed, it will be briefed on an abbreviated schedule, neither the motion or response shall exceed a total of twenty (20) pages, and no reply should be filed without leave of the Court. Plaintiff's failure to abide by these terms may result in any renewed motion being summarily denied.

Order (#98) at 4-5. Judge Keesler entered such decision January 17, 2013, and rather than file the renewed Motion to Compel and supporting documentation anticipated by such Order, plaintiff has filed the instant "Rule 56(d) Motion," which does not provide the specifics Judge Keesler identified as necessary for decision.

Even though such Order has not been followed, the court will hear plaintiff on such Rule 56(d) motion at the time of the summary judgment hearing; however, the information which was necessary for decision by Judge Keesler is no less necessary for decision by this court, and counsel for plaintiff will be required to file a supplemental brief no later than February 8, 2013, providing the following:

> (1)  indication that the parties have conferred specifically regarding the new motion and attempted to resolve areas of disagreement regarding the issues and/or items in that motion;
>
> (2)  a specific, item-by-item identification of those discovery requests for which Plaintiff alleges it lacks full responses, how each request is relevant to the remaining claims in this lawsuit, and how Defendant's response(s) to those requests, to date, are deficient argue the merits of summary judgment motion, and
>
> (3)  a concise discussion of the facts and authority that support the motion.

If such is accomplished by such date, all parties should be prepared to argue the Rule 56(d) motion at the February 20, 2013, Summary Judgment hearing. If the court finds the Rule 56(d) meritorious, the court would stay further hearing of the Motion for Summary Judgment to allow for additional discovery; however, if the motion lacks merit (or if plaintiff fails to comply with the February 8 requirements), all counsel should be prepared to argue at that time why defendant's Motion for Summary Judgment should not be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the Motion for Leave (#106) to file his response to defendant's Motion for Summary Judgment one day out of time is **DENIED** as moot;

(2) plaintiff's further briefing of the Motion to Deny Summary Judgment (#107) as outlined above shall be filed by February 8, 2013;

(3) defendant shall have until February 15, 2013, to respond to the Motion to Deny Summary Judgment (#107) and the supplemental briefing by plaintiff, and there will be no reply; and

(4) defendant's Motion for Summary Judgment (#93) and the Motion to Deny Summary Judgment are **CALENDARED** for hearing on February 20, 2013, at a time to be noticed by the Clerk of Court.

Signed: January 28, 2013

Max O. Cogburn Jr.
United States District Judge