# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:10cv659

| | | |
|---|---|---|
| Johnson, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| Vs. | ) | |
| | ) | |
| Wal-Mart Stores, East, L.P., | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the court on plaintiff's Notice of Withdrawal of his Rule 56(d) Motion and His Disparate Pay Claim. The notice reflects that the parties have conferred regarding the recent discovery dispute, and as a result, plaintiff wishes to withdraw his motion under Fed.R.Civ.P. 56(d) and dismiss his disparate pay claim.

     While plaintiff is free to withdraw his Rule 56(d) motion, he must comply with the Rule 41(a) requirements for a voluntary dismissal of a claim. If defendant consents to the dismissal of the claim, the parties should file a joint stipulation of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii). If defendant does not so consent, plaintiff is free to file a motion for a dismissal under Rule 41(a)(2).[1] In the alternative, plaintiff is free to move the court for leave to amend the complaint.

---

[1] The court notes that while Rule 41(a)(2) technically provides for the dismissal of actions, rather than the dismissal of claims, recent Fourth Circuit case law suggests the rule be applied less rigidly. See Miller v. Terramite Corp., 114 Fed.Appx. 536, 540 (4th Cir. 2004). This court has therefore held that Rule 41(a)(2) may be a proper vehicle for dismissing less than an entire action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that within five (5) days of the entry of this order, plaintiff file a motion with the court providing for the dismissal of his disparate pay claim, in accordance with the above requirements.

Signed: February 15, 2013

Max O. Cogburn Jr.
United States District Judge