UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00659-MOC

| | |
|---|---|
| SYLVESTER C. JOHNSON, ) | |
| ) | |
| Plaintiff/Judgment Debtor, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| WAL-MART STROES EAST, L.P., ) | |
| ) | |
| Defendant/Judgment Creditor. ) | |
| ) | |

THIS MATTER is before the undersigned on Plaintiff Sylvester C. Johnson's "Schedule of Claimed Exemptions with Respect to Property to be Set Aside from Execution" (Doc. No. 211), as well as Plaintiff's "Motion to Retain Property Having Value in Excess of Allowable Exemptions" (Doc. No. 213). Pursuant to Plaintiff's request (Doc. No. 198), the Clerk set a hearing for April 20, 2015, to determine Plaintiff's exemptions (Doc. No. 208) and designated the undersigned as the officer tasked with conducting the exemption hearing in this matter (Doc. No. 212). The undersigned conducted the hearing on April 20, 2015, where both parties were represented by counsel.

Pursuant to N.C. Gen. Stat. §§ 1C-1601(a) and 1603(e)(1), which are made applicable by Federal Rule of Civil Procedure 69(a)(1), and upon notice and motion duly made, for good cause shown, it is hereby ordered that the following property belonging to Plaintiff as the judgment debtor is designated as exempt property:

1. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(1), Plaintiff may claim as exempt $30,000 in proceeds from the sale of 10407 Summercrest Court, Charlotte, North Carolina, 28269.

1

2. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(2), Plaintiff may claim as exempt $5,000 held in bank accounts, specifically including Bank of America Checking Account No. xxxx9838 and Account No. xxx3504.

3. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(3), Plaintiff may claim as exempt $3,500 in value for his motor vehicle, a 2006 Acura TL. In his pleadings and during the hearing, Plaintiff asserted the vehicle's value equals $3,000, while Defendant contended the vehicle's value is $9,000. Based on Plaintiff's counsel's representations that the vehicle had logged 200,000 miles and because both parties used the Kelley Blue Book website to support their valuations, the undersigned applied the Kelley Blue Book website to calculate the vehicle's estimated fair market value at $4,986.

4. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(4), Plaintiff may claim as exempt $6,000 in personal property to be limited to $1,000 in memorabilia, $1,500 in jewelry, $2,500 in furniture, and $1,000 in appliances. Although Plaintiff has had sufficient time to specifically identify exempt property using the form provided by the Clerk's office, Defendant agreed to permit Plaintiff to submit by 12:00 p.m. on Wednesday, April 22, 2015, a detailed listing of property to be included as exempt pursuant to these valuation limitations. The parties also agreed that Plaintiff shall specifically identify the property using the required information from the Western District of North Carolina's form entitled "Notice to Claim Exempt Property," which requires identification of: (a) Item of Property, (b) Fair Market Value (What You Could Sell It For), (c) Amount of Lien or Security Interns (Amount Owed on Property),

(d) Name of Lienholder to Whom Money is Owed, and (e) Value of Debtor's Interest (Fair Markey Value Less Amount Owed). Should Defendant contest Plaintiff's detailed itemization, such objection should be filed no later than Monday, April 27, 2015. The parties agreed that Magistrate Judge David C. Keesler would resolve any dispute over valuation of the itemized property in this section.

5. During the hearing and in his pleadings, Plaintiff failed to specifically identify any property that is exempt under N.C. Gen. Stat. § 1C-1601(a)(5).

6. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(6), Plaintiff may claim as exempt life insurance policies that identify Plaintiff's wife and/or children as beneficiaries. Although Plaintiff has had sufficient time to specifically identify exempt property using the form provided by the Clerk's office, Defendant agreed to permit Plaintiff to submit by 12:00 p.m. on Wednesday, April 22, 2015, a detailed list of such qualifying policies, using the required information from the Western District of North Carolina's form entitled "Notice to Claim Exempt Property," which requires specific identification of the life insurance policies, including (a) the Name of the Insurer, (b) the Policy Number(s), and (c) Identification of Beneficiaries,.

7. The parties agreed at the hearing that Plaintiff does not have any property that is exempt under N.C. Gen. Stat. § 1C-1601(a)(7).

8. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(8), Plaintiff may claim as exempt any compensation he receives under disability insurance polices held through Plaintiff's current employer or the Veteran's Administration. The parties reached this agreement pursuant to Plaintiff's counsel's representations that

Plaintiff receives a payment of $606 from the Veterans Administration and the representation that Plaintiff is not receiving any compensations under his current employer's disability policy.

9. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(9), Plaintiff may claim as exempt the entirety of Plaintiff's individual retirement plans, including: (a) Merrill Lynch[1]/Bank of America Roth IRA Account No. xxx4Y47, and (b) his 401(k) plan with Home Depot.

10. The parties agreed at the hearing that pursuant to N.C. Gen. Stat. § 1C-1601(a)(10), Plaintiff may claim as exempt any college savings plans qualified under section 529 of the Internal Revenue Code, not to exceed a cumulative limit of $25,000 and excluding any funds placed in these accounts within the preceding 12 months. Plaintiff's counsel represented these accounts likely do not exist. While Plaintiff has had sufficient time to specifically identify these accounts using the form provided by the Clerk's office, in the event they do exist, Defendant agreed to permit Plaintiff to submit by 12:00 p.m. on Wednesday, April 22, 2015, a detailed list of such qualifying accounts, using the required information from the Western District of North Carolina's form entitled "Notice to Claim Exempt Property," which requires identification of (a) College Savings Plan, (b) Account Number, and (c) Name(s) of Child(ren) Beneficiaries.

11. The parties agreed at the hearing that Plaintiff does not receive any state benefits that are exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(11).

---

[1] Plaintiff's pleading identifies this account as "Merrill Edge," although the Clerk finds that to be a typographical error. (Doc. No. 211, p. 3 ¶ 11). In the event the Clerk is mistaken regarding this error, then the Roth IRA account held at "Merrill Edge" ending in xxx4Y47 is exempt.

4

12. The parties agreed at the hearing that Plaintiff does not receive any payments that are exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(12).

13. This Order expresses no opinion as to the items identified in paragraph 14 of Plaintiff's motion, (Doc. No. 211, p. 3), and counsel for both parties agreed at the hearing that these items were not being claimed as an exemption allowable under N.C. Gen. Stat. § 1C-1601.

Also before the Clerk is the pending "Motion to Retain Property Having Value In Excess of Allowable Exemptions," (Doc. No. 213), which was filed on April 20, 2015, the morning of the hearing. Although the time for Defendant to respond has not expired, both parties presented argument on this motion at the hearing. The undersigned conferred with both the Clerk of Court and the Chambers of the Honorable Max O. Cogburn, who both indicated that a ruling on that motion should be included in this Order.

In short, Plaintiff's motion requests an order "to permit him to retain particular items having value in excess of allowable exemptions." (Doc. No. 213, p. 2). Notably, Plaintiff's motion does not identify any "particular item[s] of property having value in excess of the allowable exemption," as required by N.C. Gen. Stat. § 1603(e)(11). Plaintiff likewise did not identify any specific item of property at the hearing, but instead argued that a general order should be entered. The statute does not contemplate a general order and, by its clear terms, permits "a particular item of property . . . be retained . . . upon the debtor's making available to judgment creditors money or property not otherwise available to them in an amount equivalent to the excess value." Accordingly, the motion is denied. This ruling is without prejudice to the parties' ability to negotiate alternative arrangements for payment of the judgment. For example, it appeared at the

hearing yesterday that in lieu of selling Defendant's vehicle, Defendant would be willing to accept a cash payment for the difference in the vehicle's fair market value of $4,986 and the allowed exemption of $3,500.

IT IS THEREFORE ORDERED that all property identified in this Order is designated as exempt property subject to the limitations set forth herein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Retain Property Having Value in Excess of Allowable Exemptions is DENIED.

April 21, 2015
Date

Tricia Wilson Magee, Hearing Officer Designee